UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

'C9   FEB 11   M1 :35

UNITED STATES OF AMERICA,

Plaintiff,

**09 CR-048**

v.                                                    Case No. 08-CR- ··

ASIANA PEWAUKEE, INC.,

Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Michelle L. Jacobs, Acting United

States Attorney for the Eastern District of Wisconsin, and the defendant, Asiana Pewaukee, Inc.,

which is a corporation organized under the laws of the State of Wisconsin, by its duly authorized

representative and by attorneys Steven R. Kohn and Jonathan C. Smith, pursuant to Rule 11 of the

Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged in an information which alleges a violation of Title

8, United States Code, Section 1324(a)(1)(A)(iii).

3.      The defendant, by its duly authorized representative, has read and fully understands

the charge contained in the information and fully understands the nature and elements of the crime

with which the corporation has been charged.  In addition, that charge and the terms and conditions

of the plea agreement have been fully explained to the defendant's representative by its attorney.

4.      The defendant, by its duly authorized representative, voluntarily agrees to plead guilty

to the offense charged in the information, which is set forth in full in Attachment A.

5.      The defendant, by its duly authorized representative, acknowledges, understands, and agrees that the defendant is, in fact, guilty of the offense described in Paragraph 4 and set forth in Attachment A. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits to these facts and that these facts establish its guilt beyond a reasonable doubt:

*Beginning on or about January 1, 2008, to on or about April 29, 2008, Asiana Restaurant, Inc., through the company's President, Rong "Ricky" Shi, hired and then employed a man named Q.Z. to work at Asiana. The defendant, through Mr. Shi, either knew that Q.Z. was an alien in the United States illegally or, remained deliberately indifferent to facts, if reasonably considered, indicating to the highest probability that Q.Z. was an alien in the United States illegally. Additionally, the defendant, through Mr. Shi provided him free housing while he was employed at Asiana. The defendant did so because it was in the defendant's financial interest. Finally, Q.Z. was an alien in the United States illegally during the time he was employed at Asiana.*

This information is provided for the limited purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in this offense.

## PENALTIES

6.      The parties understand and agree that under 8 U.S.C. § 1324(a)(1)(A)(iii), the offense to which the defendant will enter a guilty plea carries a maximum fine in an amount of $500,000. The offense also carries a mandatory special assessment of $400 and a term of probation of up to five years.

2

## ELEMENTS

7.     The parties understand and agree that to sustain the charge of harboring an alien, as alleged in the information, the United States must prove each of the following propositions beyond a reasonable doubt:

First, the alien, here, Q.Z., was in the United States in violation of the law;

Second, the defendant knew, or acted in reckless disregard of the fact that the alien had come to, entered or remained in the United States in violation of the law;

Third, the defendant harbored or attempted to harbor that alien, who had come to, entered or remained in the United States in violation of law; and

Fourth, the harboring was for the purpose of commercial advantage or private financial gain.

## SENTENCING PROVISIONS

8.     The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

9.     The defendant agrees to have its sentence determined under the United States Sentencing Guidelines ("U.S.S.G.") and waives all constitutional challenges to the validity of the U.S.S.G. The defendant waives any right it may have to have facts that determine its Guidelines fine range under the U.S.S.G. (including any facts used to determine its offense level, base fine amount, culpability score, any specific offense characteristic or other enhancement or adjustment) alleged in an indictment and found by a jury beyond a reasonable doubt. The defendant agrees that facts that determine its Guidelines fine range will be found by the court at sentencing by a preponderance of

3

the evidence and that the court may consider any reliable evidence, including hearsay, in making such determinations.

10.     The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense to which the defendant is pleading guilty. The defendant, by its duly authorized representative, acknowledges and agrees that its attorney in turn has discussed the applicable sentencing guidelines provisions with the corporate representative to the defendant's satisfaction.

## Relevant Conduct

11.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge will consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty.

12.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual §§ 1B1.3 and 2L1.1(b)(2)(A), the number of aliens involved in the defendant's overall course of conduct is one (1).

## Sentencing Guidelines Calculations

13.     The parties acknowledge, understand, and agree that the sentencing guidelines recommendations included in this agreement represent the positions of the parties on the factors to be considered in calculating the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate

4

information that affects the calculation of the appropriate adjusted offense level, the government is not bound to make the recommendations contained in this agreement.

## Base Offense Level

14.     The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the indictment is twelve (12) under Sentencing Guidelines Manual § 2L1.1(a)(3).

## Culpability Score

15.     The parties agree to recommend to the sentencing court that the applicable base culpability score for the offense charged in the indictment is five (5) under Sentencing Guidelines Manual §8C2.5(a).

16.     Subject to the defendant's continuing cooperation, the government agrees to recommend to the sentencing court that for purposes of determining the defendant's culpability score under Sentencing Guidelines Manual § 8C2.5, two points should be subtracted from the defendant's culpability score pursuant to § 8C2.5(g)(2) because the defendant fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct.

## Sentencing Recommendations

17.     Both parties reserve the right to advise the district court and the probation office of any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

5

18.     Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

19.     The government and the defendant agree to recommend that a sentence be imposed within the applicable sentencing guideline range, as determined by the court.

20.     The government and the defendant agree to recommend a period of one year probation for the defendant with conditions to include that the defendant:

a.     hire no illegal aliens;

b.     keep and maintain all necessary and required documentation regarding employees withholding taxes and remit appropriate withholding taxes to federal and state taxing authorities for each employee in a timely manner;  and

c.     keep and maintain all information required by federal Form I-9, Employment Eligibility Verification Form, for each individual defendant employs.

## Court's Determinations at Sentencing

21.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement.  The parties further understand that the United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the application of the sentencing guidelines and may impose any sentence authorized by law up to the maximum penalties set forth in Paragraph 6 above. The parties further understand that the sentencing court may, in certain circumstances, depart either upward or downward from the otherwise applicable guideline range.

6

22.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw its guilty pleas solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

23.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

## SPECIAL ASSESSMENT

24.     The defendant agrees to pay the special assessment in the amount of $400 prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

25.     In entering this agreement, the defendant acknowledges and understands that in so doing it surrenders any claims it may have raised in any pretrial motion, as well as certain rights which include the following:

> a.     If the defendant persisted in a plea of not guilty to the charge against it, the defendant would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

> b.     If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

7

c.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.  At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and the defendant's counsel would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on its own behalf. The defendant would be entitled to compulsory process to call witnesses.

26. The defendant, by its duly authorized representative, acknowledges and understands that by pleading guilty the defendant is waiving all the rights set forth above. The defendant further acknowledges the fact that its attorney has explained these rights to the representative of the defendant and the consequences of its waiver of these rights.

27. The defendant, by its duly authorized representative, acknowledges and understands that it will be adjudicated guilty of the offense to which it will plead guilty and thereby may be deprived of certain rights.

28. The defendant, by its duly authorized representative, knowingly and voluntarily waives all claims it may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant, by its duly authorized representative, agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## GENERAL MATTERS

29. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

8

30.     Subject to the full, truthful, and continuing cooperation of the defendant, and upon the court's acceptance of the guilty plea called for by this plea agreement, the government will not bring further criminal charges against the defendant for any act or offense committed before the date of this plea agreement.

31.     The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

32.     The parties acknowledge and agree that the United States Attorney's Office is free to notify any local, state, or federal agency of the defendant's conviction.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

33.     The defendant, by its duly authorized representative, acknowledges and understands if the defendant violates any term of this agreement at any time or engages in any further criminal activity prior to sentencing, this agreement shall become null and void at the discretion of the government.  If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement.  The defendant, by its duly authorized representative, hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of its breach of this agreement.  The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

34.     The defendant, by its duly authorized representative, acknowledges, understands, and agrees that the defendant will plead guilty freely and voluntarily because it is in fact guilty.  The

9

defendant, by its duly authorized representative, further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am a duly authorized representative of the defendant. I am entering into this plea agreement on behalf of the defendant freely and voluntarily and with full knowledge and the express authorization of the Board of Directors of the defendant. The attorney for the defendant has reviewed every part of this agreement with me and has advised me, on behalf of the defendant, of the implications of the sentencing guidelines. I have discussed all aspects of this case with the corporation's attorney and I am satisfied that the attorney for the corporation has provided effective assistance of counsel.

ASIANA PEWAUKEE, INC.

Date: 2/11/09

By: _____

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 2/11/9

STEVEN R. KOHN
Attorney for Defendant

Date: 2/11/09

JONATHAN C. SMITH
Attorney for Defendant

For the United States of America:

Date: 2-11-09

MICHELLE L. JACOBS
Acting United States Attorney

10

Date: _____ 2/11/2009

MELVIN K. WASHINGTON
Assistant United States Attorney

Date: _2/1-08_

JOSEPH R. WALL
Assistant United States Attorney

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 08-CR-
[8 U.S.C §1324]

ASIANA PEWAUKEE, INC.,

Defendant.

## INFORMATION

## COUNT ONE

THE UNITED STATES ATTORNEY CHARGES:

1.      From on or about January 1, 2008, to on or about April 29, 2008, in the state

and Eastern District of Wisconsin,

### ASIANA PEWAUKEE, INC.,

knowingly and recklessly disregarding the fact that an alien, Q. Z., had come to, entered, and

remained in the United States in violation of law, did conceal, harbor, and shield from

detection such alien in residential and commercial properties under the defendant's control.

2.      The defendant harbored the alien for the purpose of private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii),1324

(a)(1)(A)(v)(II), and 1324(a)(1)(B)(I).

Dated: **2-11-09**

MICHELLE L. JACOBS
Acting United States Attorney

ATTACHMENT A